### IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

**MINDY TOOMBS**
9701 Apollo Drive # 100
Upper Marlboro, MD 20774,

        Plaintiff,

    v.

**LOWE'S HOME CENTERS, LLC**
1000 Lowe's Boulevard,
Mooresville, NC 28117,

        Defendant.

**Serve On:**
CSC-Lawyers Incorp. Serv. Co.
7 St. Paul Street, Suite 820
Baltimore, MD 21202

Case No.: _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT

Plaintiff, **MINDY TOOMBS** (herein after referred to as **"TOOMBS"**), by and through

her attorney, Jason M. Perash, brings suit against the Defendants, **LOWE'S HOME CENTERS,**

**LLC** (herein after referred to as **"LOWE'S"** and states as follows:

1.      Plaintiff is an adult citizen of the State of Maryland.

2.      Defendant LOWE'S is an American retail company specializing in home

improvement. It operates multiple locations throughout Maryland. LOWE'S is headquartered in

North Carolina. LOWE'S was a retailer for BIRD BRAIN'S products.

### VENUE & PERSONAL JURISDICTION

4.      Because Defendant LOWE'S persistently transacts business in Prince George's

County, contracts to supply goods, services, and manufactured products in Prince

George's County, and caused a tortious injury outside of Maryland, and because LOWE'S

EXHIBIT A

derives substantial revenue from goods, services, and manufactured products used in Prince

George's County, and because LOWE'S has an interest in, uses, or possesses real property in

Prince George's County, Prince George's County has personal Jurisdiction over LOWE'S for

this action. Md. Code Ann., Cts. & Jud. Proc. § 6-103 (b).

("A court may exercise personal jurisdiction over a person, who directly or by an agent: (1)
Transacts any business or performs any character of work or service in the State; (2)  Contracts
to supply goods, food, services, or manufactured products in the State; (3)  Causes tortious
injury in the State by an act or omission in the State; (4)  Causes tortious injury in the State or
outside of the State by an act or omission outside the State if he regularly does or solicits
business, engages in any other persistent course of conduct in the State or derives substantial
revenue from goods, food, services, or manufactured products used or consumed in the State; (5)
Has an interest in, uses, or possesses real property in the State.)

5.        Bird Brain manufactured the Fire Pot that caused the injuries that are the subject

matter of this Complaint. Because Bird Brain's products were sold in Prince George's County

through LOWE'S, Prince George's County is a proper venue for this action. Md. Code Ann.,

Cts. & Jud. Proc. § 6-201 (a) (2013) ("A civil action shall be brought in a county where the

Defendant…carries on a regular business, is employed, or habitually engages in a vocation").

The Defendants habitually engage in a vocation and carry on a regular business in Prince

George's County.

## FACTS

6.        Plaintiff TOOMBS incorporates by reference Paragraphs 1 to 5 as if set forth fully

herein.

7.        At all times material herein, LOWE'S, was in the business of manufacturing,

marketing, distributing, and/or selling BIRD BRAIN CERAMIC FIREPOT AND FUEL GEL.

8.        Defendant LOWE'S marketed, distributed and/or sold the BIRD BRAIN

CERAMIC FIREPOT AND FUEL GEL that exploded onto Plaintiff's body, prior to July 21,

2018.

2

EXHIBIT A

9.      In approximately March of 2012, Plaintiff purchased the BIRD BRAIN CERAMIC FIREPOT AND FUEL GEL from LOWE'S at its store located in Fernley, Nevada.

10.     On July 21, 2018, TOOMBS was using the BIRD BRAIN CERAMIC FIREPOT AND FUEL GEL in a proper manner, paying attention to all warnings.

11.     The BIRD BRAIN CERAMIC FIREPOT AND FUEL GEL expelled fire and its gel substance onto TOOMBS' body, causing her face, neck, chest and shoulders to catch on fire.

12.     TOOMBS acted reasonably and did not contribute to the occurrence, nor did she have a reasonable way to avoid it.

13.     TOOMBS attempted to extinguish the flames by smothering them. She did not succeed.

14.     TOOMBS, burning alive and screaming in pain, dove into a nearby pool, finally extinguishing the fire.

15.     TOOMBS went to a hospital by ambulance.

16.     TOOMBS sustained significant injuries, pain and suffering, lost wages, loss of enjoyment, disfigurement, among other damages unknown, all of which were caused exclusively by the aforementioned explosion.

17.     Bird Brain, after being sued multiple times by plaintiffs around the country after being burned while using the ceramic firepot and fuel gel, went out of business years ago, which is the only reason it is not a co-defendant. The various retailers selling Bird Brain's products were also sued, but they did not go out of business.

## COUNT I – STRICT LIABILITY

18.     The allegations set forth in Paragraphs 1 through 17, inclusive, of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

3

EXHIBIT A

19.        At all times material hereto, LOWE'S, was in the business of marketing, distributing and selling BIRD BRAIN CERAMIC FIREPOTS AND FUEL GEL.

20.        The BIRD BRAIN CERAMIC FIREPOT AND FUEL GEL in question was sold and placed into the stream of commerce by LOWE'S in an unsafe and defective condition, and the BIRDBRAIN CERAMIC FIREPOT AND FUEL GEL in question was unreasonably dangerous to its users by reason of, among others, the following defects in its design, manufacture, testing, and/or marketing:

a.        Designed and manufactured in a manner in which the fuel gel and/or the fire pot could fail/explode for multiple reasons during normal foreseeable use;

b.        Lacking a clear warning of the dangers that the fuel gel might fail/explode when added to a hot firepot, which was the intended use of fuel gel, as advertised, causing injuries and damages to Plaintiff, and lacking a clear warning of the dangers that the fire pot may get dangerously warm so as to cause the fuel gel to catch fire and explode;

c.        Manufactured improperly;

d.        Failing to use available design and engineering skill or knowledge to produce a fuel gel and/or fire pot that would not explode;

e.        Failing to provide adequate operating instructions and warnings to the consumer, even though LOWE'S knew or should have known that such warnings were necessary for the safe use of the CERAMIC FIREPOT AND FUEL GEL;

f.        Failing to adequately inspect and test the CERAMIC FIREPOT AND FUEL GEL for safety prior to offering it for sale;

g.        Failing to discover that the CERAMIC FIREPOT AND FUEL GEL were dangerously defective, improperly designed and manufactured, inadequately tested and

4

inspected, entirely unfit for duty and unsafe for use, constituting a hazard for the consumer; and

h.      In other aspects to be provided at trial.

21.      The CERAMIC FIREPOT AND FUEL GEL was sold and placed into the stream of commerce by both Defendants and reached the consumer without substantial change in its design or structure.

22.      Defendant LOWE'S, both at the corporate level and the local level, is strictly liable to Plaintiff by reason of having marketed, sold, and placed into the stream of commerce an unreasonably dangerous product which was the direct and proximate cause of Plaintiff's injuries and damages.

23.      As a direct and proximate result of receiving the CERAMIC FIREPOT AND FUEL GEL from  LOWE'S, Plaintiff suffered the loss of her former state of physical and mental well-being, and suffered serious injuries, including but not limited to BURNS to her face, neck, shoulders, and eyes, and suffered pain and suffering, for which this claim is made.

24.      Plaintiff's injuries and damages as recited herein, occurred directly as a result of, and were proximately caused by, the defects in the CERAMIC FIREPOT AND FUEL GEL's design, manufacture, testing and/or marketing, which was then placed into the stream of commerce for marketing and sale to the Plaintiff by both Defendants.

25.  .      Defendants' conduct in the marketing and sale of the CERAMIC FIREPOT AND FUEL GEL was willful and/or recklessly undertaken and with conscious disregard for the safety of consumers such as Plaintiff so as to constitute despicable conduct, oppression, fraud and malice, thereby entitling Plaintiff to an award of punitive damages against said DEFENDANT by reason thereof.

EXHIBIT A

26.         As a result of both Defendants' conduct, Plaintiff has suffered actual damages in an amount in excess of $15,000.

## COUNT II – NEGLIGENCE

27.         The allegations set forth in Paragraphs 1 through 26, inclusive, of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

28.         Defendant and/or its agents, servants, or employees failed to safely and properly inspect and maintain the CERAMIC FIREPOT AND FUEL GEL and failed to discover the defect, correct the defect, or warn pedestrians about it.

29.         Defendant and/or its agents, servants, or employees knew or should have known about the dangerous propensities of the CERAMIC FIREPOT AND FUEL GEL.

30.         Defendant and/or its agents, servants, or employees knew or should have known that the CERMAIC FIREPOT AND FUEL GEL used by TOOMBS posed a hazard.

31.         Defendant and/or its agents, servants, or employees did not post any warning labels regarding the known dangerous propensities of the CERAMIC FIREPOT AND FUEL GEL or warn Plaintiff of same.

32.         Defendant and/or its agents, servants, or employees owed a duty to Plaintiff to hire and retain competent and qualified individuals and breached this duty by failing to hire and retain competent and qualified individuals and/or entities to manufacture the CERAMIC FIREPOT AND FUEL GEL used by TOOMBS.

33.         Plaintiff sustained serious, severe and permanent injuries as a result of the explosion of the CERAMIC FIREPOT AND FUEL GEL that was manufactured and sold by the Defendants.

6

EXHIBIT A

## COUNT III - NEGLIGENT HIRING AND RETENTION

34.        Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35.        Defendant employed managers and other personnel and the aforementioned acts described herein were committed within the scope of their employment with Defendant and, Defendant is responsible for those acts performed within the scope of its agents, servants or employees' employment.

36.        Defendant hired agents, servants or employees to ensure that the products produced or sold were safe. Defendant had a duty to investigate the agents, servants, or employees' capabilities to ensure that they would produce or sell products that would not explode without warning. Defendant failed to properly supervise their agents, servants or employees' work and made insufficient efforts to investigate whether or not the employees were making and selling products, especially the CERAMIC FIREPOT AND FUEL GEL that exploded on the Plaintiff, in a safe, fit and proper manner.

37.        Defendant knew, had reason to know or should have known, that their designers, engineers, agents, servants or employees had a record of reckless, negligent and incompetent work habits, and that their employees would be likely to manufacture or sell some products, especially the CERAMIC FIREPOT AND FUEL GEL that exploded on the Plaintiff, in an unsafe condition involving unreasonable risk of physical harm.

38.        Defendant's negligence in hiring and/or retaining the designers, engineers, agents, servants or employees to maintain the safety of the products it manufactured or sold, particularly with regard to the CERAMIC FIREPOT AND FUEL GEL that exploded on the Plaintiff, was the proximate cause of the Plaintiff's injuries.

7

EXHIBIT A

WHEREFORE, Plaintiff demands judgment against Defendants LOWE'S, in an amount greater than $75,000.00 plus costs, pre-judgment interest, post-judgment interest as this Court deems appropriate and for such other and further relief as the nature of this cause may require.

Respectfully submitted,

THE LAW OFFICE OF JASON PERASH, LLC

By:_____

Jason Perash, Esq.; CPF: 1112160001
9520 Berger Rd., Suite 212; Columbia, MD 21046
443.990.1529; Jason@PerashLaw.com
Attorney for Plaintiff

## REQUEST PURSUANT TO MARYLAND RULE 20-205(d)

Plaintiff, through counsel, respectfully requests that the clerk issue Writ(s) of Summons(es) for service upon the Defendant(s) named in the Complaint filed herein.

## NOTICE PURSUANT TO MARYLAND RULE 20-201(f)

Plaintiff, through counsel, hereby certifies that the Complaint filed herein does not contain any restricted information.

## REQUEST FOR A JURY TRIAL

Plaintiff TOOMBS requests a jury trial.

THE LAW OFFICE OF JASON PERASH, LLC

By:_____

Jason Perash, Esq.; CPF: 1112160001

8

EXHIBIT A

**CERTIFIED MAIL**



THE LAW OFFICE OF
JASON **PERASH** LLC
9520 Berger Rd., Ste. 212
Columbia, Maryland 21046



7019 2280 0000 0310 3260



1000

21202

U.S. POSTAGE PAID
FCM LETTER
THOMPSONS STATION, TN
37179
AUG 01, 22
AMOUNT

**$8.09**

R2305P150125-01

CSC –Lawyers Incorp. Serv Co.
7 St. Paul St. Ste. 820
Balt, MD 21202

21202-160120

EXHIBIT A