IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| **MINDY TOOMBS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Case No. GLS-22-2244 |
| | ) |
| **LOWE'S HOME CENTERS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION**

Pending before this Court[1] is "Defendant Lowe's Home Centers, LLC's Motion to Dismiss," ("Motion"), which the Plaintiff Mindy Toombs ("Plaintiff") opposes. The issues have been fully briefed. (*See* ECF Nos. 24, 26, 27). Accordingly, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021).

For the reasons set forth more fully herein, the Motion is **GRANTED**.

**I.   BACKGROUND**

**A. Procedural Background**

On October 25, 2021, Plaintiff filed her Complaint in the Circuit Court for Prince George's County against Lowe's Home Centers, LLC ("Defendant"), advancing three causes of action: Count I, strict liability, in violation of Maryland law; Count II, negligence, in violation of Maryland law; and Count III, negligent hiring and retention, in violation of Maryland law. (ECF No. 2, "Complaint," ¶¶ 18, 27, 34). In brief, Plaintiff alleges that on July 21, 2018, Defendant's defective

---

[1] The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). (ECF No. 11).

Bird Brain Ceramic Firepot and Fuel Gel ("Product") caused her severe burns that she sustained while using the Product. (Complaint, ¶¶ 4-5, 16).

Defendant removed the case to this Court on September 7, 2022. (ECF No. 1). On September 23, 2022, Defendant filed a Notice of Intent to File a Motion to Dismiss, which Plaintiff opposed. (ECF Nos. 15, 21). Subsequently, this Court set the briefing schedule related to Defendant's Motion to Dismiss. (ECF No. 23). On December 12, 2022, Defendant filed its Motion. On January 24, 2023, Plaintiff filed her Opposition. (ECF No. 26) ("Opposition"). On February 3, 2023, Defendant submitted its Reply. (ECF No. 27).

B. Factual Background[2]

Plaintiff is a citizen of Maryland. (Complaint, ¶ 1). Defendant Lowe's Home Centers, LLC is headquartered in North Carolina. (*Id.*, ¶ 2). Defendant operates multiple stores throughout Maryland, where it employs managers and other personnel. (*Id.*, ¶¶ 2, 36). Defendant markets, distributes, and sells the Product in Maryland, specifically in Prince George's County. (*Id.*, ¶¶ 4-5, 7-8, 19, 24-25, 33, 38). Furthermore, more generally, Defendant persistently transacts business in Maryland. (*Id.*, ¶ 4). Plaintiff purchased the Product at one of Defendant's stores in Fernley, Nevada. (*Id.*, ¶ 9). On July 21, 2018, Plaintiff was using Defendant's Product "outside of Maryland," when the Product exploded and "expelled fire and its gel substance on the Plaintiff's body causing her face, neck, chest, eyes, and shoulders to catch on fire." (*Id.*, ¶¶ 4, 11). Plaintiff sustained severe injuries as a result of the explosion. (*Id.*, ¶ 16).

---

[2] Unless otherwise noted, the facts are taken from the Complaint, ECF No. 2. For a motion to dismiss, the Court assumes the facts to be true, and construes them in the light most favorable to the non-moving party, Plaintiff. This Court assumes the facts to be true. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) (facts in complaint taken as true when resolving a motion pursuant Fed. R. Civ. P. 12(b)(2)); *CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 763 (D. Md. 2009).

## II.     STANDARDS OF REVIEW

### A. Motion to Dismiss—Rule 12(b)(6)

A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the facts set forth in a complaint. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016); *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

When resolving a 12(b)(6) motion, a court accepts as true the well-pleaded allegations in a complaint. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021). When ruling on such a motion, then, a court "does not resolve the contests surrounding the facts [or] the merits of a claim." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (citing *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). Rather, at this stage, a court considers the complaint as a whole and construes the facts advanced as true, viewing them in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a complaint must allege sufficient facts to establish each element of a claim asserted. *Goss v. Bank of Am., N.A.*, 917 F. Supp. 2d 445, 449 (D. Md. 2013), *aff'd sub nom.*, *Goss v. Bank of Am., N.A.*, 546 F. App'x 165 (4th Cir. 2013). In addition, a complaint must satisfy the pleading standard set forth in Fed. R. Civ. P. 8(a) and contain facts "showing" entitlement to relief. *Twombly*, 550 U.S. at 555-56 (complaint must set forth enough facts as to suggest a "cognizable cause of action"). In other words, a complaint must do more than formulaically recite "the elements of a cause of action," or must do more than make "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, *supra* at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com,*

*Inc.*, 591 F.3d 250, 258 (4th Cir. 2009).  A court "must be able to draw the reasonable inference [from the well-pleaded facts] that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B. Motion to Dismiss—Rule 12(b)(2)**

Defendant has moved to dismiss Plaintiff's Complaint in its entirety for lack of personal jurisdiction pursuant to Fed R. Civ. P. 12(b)(2). (Motion, p. 1). When advancing a Rule 12(b)(2) challenge, a defendant "must affirmatively raise a personal jurisdiction challenge, but a plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *See UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020).

When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Fed. R. Civ. P. 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993)).

If the jurisdictional challenge turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). If the court chooses to rule without conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst*, 334 F.3d at 396; *see also Mylan*, 2 F.3d at 60; *Combs*, 886 F.2d at 676.

To determine whether a plaintiff has met his/her burden of making a prima facie showing of personal jurisdiction, the court may rely on affidavits and any other "relevant matter" submitted

4

by the parties. *68th St. Site Work Grp. v. Airgas, Inc.*, Civ. No. SAG-20-3385, 2021 WL 4255030, at *5 (D. Md. Sept. 16, 2021) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1351, at 305 (3d ed. 2004) (the court has "*considerable procedural leeway*" when resolving a Fed. R. Civ. P. 12(b)(2) challenge and "may receive and weigh the contents of affidavits and any other relevant matter submitted by the parties to assist it in determining the jurisdictional facts") (emphasis supplied)). Furthermore, when performing this analysis, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan,* 2 F.3d at 60; *Carefirst,* 334 F.3d at 396.

## III. DISCUSSION

In support of its Motion, Defendant advances four arguments. First, that the Court lacks general jurisdiction because Defendant was "formed" in North Carolina and maintains its principal place of business ("PPB") in North Carolina. Second, that the Court lacks specific jurisdiction because the facts relevant to the instant dispute took place outside of Maryland, and Defendant's contacts with Maryland did not cause or relate to Plaintiff's injury. For the aforementioned arguments, Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(2). Third, that the doctrine of res judicata bars Plaintiff's claims because Plaintiff's Nevada lawsuit was adjudicated on the merits and dismissed with prejudice in Nevada state court. Fourth, that Plaintiff's claims are time barred. For Defendant's third and fourth arguments, Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (Motion, pp. 7, 10, 15, 24-26).

Plaintiff counters with four arguments. First, that this Court has general jurisdiction over Defendant because Defendant operates multiple stores throughout Maryland and has "members" that reside in Maryland, which makes Maryland its PPB. Second, that specific jurisdiction exists because Defendant derives substantial revenue from goods, services, and manufactured products

in Maryland, and marketed, distributed, and sold the defective Product in Maryland stores. Third, that Plaintiff's claims are not barred by the doctrine of res judicata because the Nevada court neither determined findings of fact nor dismissed the case with prejudice. Fourth, that Plaintiff's claims are not time barred. (Opposition, pp. 4, 6, 8-9).

The Court will first consider the personal and general jurisdictional arguments. In resolving the Rule 12(b)(2) jurisdictional arguments, the Court finds that it can consider exhibits attached to the parties' pleadings without converting the Motion to a summary judgment motion. *68th St. Site Work Grp.*, 2021 WL 4255030, at *5 ("A court is permitted to consider evidence outside the pleadings in resolving a motion to dismiss for lack of personal jurisdiction"). Because the Plaintiff bears the burden of establishing personal jurisdiction at every stage of litigation, the Court will only analyze the exhibits provided by Plaintiff. In order to determine whether a plaintiff establishes a prima facie case of personal jurisdiction (either general or specific), a court "must take all disputed facts and reasonable inferences in favor of the plaintiff." *Tyler-Simms v. Vineyard Vines Retail, LLC*, Civ. No. GJH-20-3081, 2021 WL 3080064, at *2 (D. Md. July 20, 2021). As such, the Court will construe all of the exhibits provided by Plaintiff in the light most favorable to Plaintiff.

### A. Personal Jurisdiction—The Law

In the District of Maryland, a court should find personal jurisdiction over a non-resident defendant when two conditions are present: "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993); *see also* Fed. R. Civ. P. 4(k)(1)(A) (a federal district court may exert personal jurisdiction over a defendant in accordance with the law of the state where the court sits). Put another way, the Court must examine Maryland's

long-arm statute[3] keeping constitutional due process concerns in mind. *Grayson v. Anderson*, 816 F.3d 262, 270 (4th Cir. 2016); *see also Beyond Sys., Inc. v. Realtime Gaming Holding Co.*, 878 A.2d 567, 576 (Md. 2005) ("the purview of [Maryland's] long arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Federal Constitution"); *Tyler-Simms*, 2021 WL 3080064, at *2. Accordingly, the "statutory inquiry necessarily **merges with the constitutional inquiry, and the two inquiries essentially become one.**" *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135-36 (4th Cir. 1996) (emphasis added); *Rivera v. Altec, Inc.*, Civ. No. ELH-21-0681, 2021 WL 2784265, at *6 (D. Md. July 2, 2021).

### B. Analysis of General Jurisdiction

A court's exercise of general jurisdiction over a corporate defendant is proper where the defendant's affiliations with the forum state are so "continuous and systematic" as to render it essentially "at home." *See Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 922 (2011). For a corporation, a court can exercise general jurisdiction in the place of incorporation and the PPB. *See Daimler AG*, 571 U.S. at 165. PPB refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, i.e., "the nerve center," and it is usually the corporation's main headquarters. *See Hertz Corp. v. Friend*, 599 U.S. 77, 78 (2010). For a limited liability company, a court may exercise general jurisdiction in the limited liability company's state of formation or its PPB. *See Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010). To determine a limited liability company's PPB, a court will apply the same test that is applied to a corporation by examining where the entity's officers direct, control, and coordinate the entity's activities. *Id.* at 706.

---

[3] *See* Md. Code Ann., Cts. & Jud. Proc. § 6-103 (a)-(b) (2023).

In this case, Plaintiff must demonstrate grounds for this Court's jurisdiction. To demonstrate general jurisdiction, Plaintiff has provided six exhibits: (a) a screenshot of Defendant's website, which shows a directory of Defendant's retail locations in Maryland; (b) a screenshot of "Maryland Judiciary Case Search Results," which shows the various times that an entity named Lowe's Home Centers, Inc.[4] has participated in Maryland state court litigation; (c) a screenshot of a "Maryland.gov" webpage that describes the business details, e.g., whether the business is in "good standing," related to Lowe's Home Centers, Inc.; (d) a screenshot of a Circuit Court for Prince George's County "case search" webpage related to a case where Plaintiff sued Lowe's Companies, Inc. and Bird Brain, Inc.; (e) a copy of an October 13, 2021 order issued by Judge Deborah K. Chasanow related to a case where Plaintiff sued Lowe's Companies, Inc.; and (f) a screenshot of a Circuit Court for Prince George's County "case search" webpage related to a case where Plaintiff sued the Defendant. (*See* ECF No. 26-1 through ECF No. 26-6).

Plaintiff argues that this Court has general jurisdiction over Defendant because Defendant's PPB is in Maryland. To support this argument, Plaintiff asserts that: (1) the Defendant has 26 stores in Maryland, which means that it is "at home" in the state; and (2) many of Defendant's "members" reside in Maryland.[5] (Opposition, pp. 4-6).

The Court disagrees. First, as it relates to Plaintiff's assertion that Defendant has 26 stores in Maryland, the Court finds that such fact, even when taken as true, fails to plausibly demonstrate that the Defendant is "at home" in Maryland. Even if the Court accepts Plaintiff's account, the

---

[4] One of the entries in the exhibit lists an entity named "Lowe's Companies, Inc." However, none of the entries list the Defendant, Lowe's Home Centers, LLC.

[5] Although the Supreme Court has not explicitly defined who or what qualifies as a "member," courts often look to the laws of the state in which the limited liability company was formed. *Rhyne v. Martiancraft, LLC*, Civ. No. RCY-20-568, 2021 WL 2476834, at *3 (E.D. Va. June 17, 2021). In the Complaint, Plaintiff does not allege where the Defendant was formed. In the Motion to Dismiss, the Defendant asserts that it was formed in North Carolina. (Motion, p.15). Under North Carolina law, a member can be a natural person or a business entity, *e.g.*, a domestic or foreign corporation, an unincorporated association, or another entity. *See Crouse v. Mineo*, 189 S.E.2d 232, 241 (N.C. App. 2008).

8

Defendant maintains 2,000 stores across the United States, which means that Defendant's 26 stores in Maryland represent approximately 1% of its national operations. (ECF No. 26-1; *see also* Opposition, p. 8). As such, the Court cannot find, even when viewing the facts in the light most favorable to Plaintiff that Defendant maintains sufficient business contacts with Maryland as to render it "at home" in the state. *See Daimler AG*, 571 U.S. at 137 ("[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there"); *see also Grabowski v. Northrop Grumman Sys. Corp.*, Civ. No. CLR-16-3492, 2017 WL 3190647, at *1 (D. Md. June 30, 2017) (declining to find general jurisdiction where defendant maintained a "sector headquarters" in Maryland and employed over 11,000 employees in Maryland because the defendant had "467 office locations and 65,000 employees worldwide") (internal citations omitted).

Next, Plaintiff's argument regarding the Defendant's various "members" in Maryland is also unavailing. (*See* Opposition, p. 6). As a factual matter, the Court finds, even when viewing the facts in the light most favorable to Plaintiff, she fails to plausibly allege that Defendant has *any* members that reside in Maryland. The exhibits that Plaintiff attached to her Opposition—listed *supra*—do not in any way demonstrate that Defendant has members that reside in the state of Maryland. (*See* ECF Nos. 26-1 through 26-6).

However, even if the Court assumes *arguendo* that Plaintiff has plausibly asserted that some of Defendant's "members" reside in Maryland, the Court finds that such fact is irrelevant to the question of general jurisdiction. *See Mountain Funding, LLC v. Blackwater Crossing, LLC*, Civ No. GCM-305-513, 2006 WL 1582403, at *3 (W.D.N.C. June 5, 2006) ("The practice of disregarding a limited liability company as an entity and looking to the citizenship of its members is only used to determine whether a court has diversity for subject matter jurisdiction. This

principle has not been applied to personal jurisdiction, which presents distinct due process issues"). Furthermore, this Court finds that Plaintiff specifically alleges that Defendant is headquartered in North Carolina. (Complaint, ¶ 2). Thus, Plaintiff effectively concedes that Defendant's PPB is in North Carolina. *See Hertz Corp*, 599 U.S. at 78 (holding that a company's headquarters is its PPB). In sum, the Plaintiff fails to allege any facts that plausibly demonstrate that Defendant has a PPB in Maryland or that Defendant was formed in Maryland.

Accordingly, even when viewing the facts in the light most favorable to the Plaintiff, this Court finds that it does not have general jurisdiction over Defendant. Accordingly, the Motion will be granted on the issue of general jurisdiction.

### C. Analysis of Specific Jurisdiction

A court's exercise of specific jurisdiction over a defendant is proper if the defendant has "minimum contacts" with the forum state, such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Specific jurisdiction is appropriate when: (1) a defendant "purposefully avails itself of the privilege of conducting activities within the forum State;" (2) the plaintiff's claims, "arise out of or relate to the defendant's contact with the forum;" and (3) the exercise of personal jurisdiction would be "constitutionally reasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Ford Motor Co. v. Montana Eight Judicial Dist. Court*, 141 S. Ct. 1017, 1025 (2021); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). If a court finds that specific jurisdiction is lacking, then the claim must be dismissed. *See Rivera v. Altec, Inc.*, Civ. No. ELH-21-0681, 2021 WL 2784265, at *12 (D. Md. July 2, 2021) (dismissing case for lack of general or specific jurisdiction).

Defendant's core contention is that the actions that give rise to the instant litigation took place outside of Maryland and that Plaintiff's allegation that Defendant operates stores and sells goods in Maryland is insufficient to establish specific jurisdiction. (Motion, p. 16). Plaintiff counters that Defendant engaged in activity that "relates" to the instant litigation because Defendant sold and substantially advertised the Product, i.e., the Product that caused Plaintiff's injury, in Maryland and thus this Court has specific jurisdiction over Defendant. (Opposition, pp. 2, 4-5).

First, construing the facts in Plaintiff's favor, the Court finds that Defendant "purposefully avails" itself of the privilege of conducting business in Maryland.  In fact, Defendant concedes that it operates multiple stores throughout Maryland, derives substantial revenue from goods that it sells in Maryland, and sold the Product in its Maryland stores. (Motion, pp. 7, 15-17). Also, Plaintiff attaches a screenshot of Defendant's website to her Opposition that lists the multiple retail locations Defendant has in Maryland. (*See* ECF No. 26-1). These facts when construed in Plaintiff's favor are sufficient to establish that Defendant purposefully avails itself of the privilege of doing business in Maryland. Thus, the Plaintiff satisfies the first prong of the three-part specific jurisdiction test. *See ALS Scan, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002).

Next, the Court must determine if Plaintiff adequately alleges that her injuries "arise out of or relate to" Defendant's in-state conduct. *Id.* at 712-13. On this matter, the Court first finds that Plaintiff's injury did not take place in Maryland. In the Complaint, Plaintiff specifically alleges that her injury occurred "outside of Maryland," although she is silent as to where exactly the injury took place.[6] (Complaint, ¶ 4). Plaintiff, however, argues that Defendant's in-state conduct is

---

[6] In the Complaint, Plaintiff failed to specify where "outside of Maryland," she was injured, but the Complaint makes clear that she was not injured in Maryland. (Complaint, ¶ 4).

11

"related" to her injury because Defendant sells goods and provides services in Maryland. (Opposition, pp. 8-9).

Here, the Court finds instructive *Wallace v. Yamaha Motors Corp., U.S.A.*, Civ. No. 19-2459, 2022 WL 61430, at *4 (4th Cir. Jan. 6, 2022). In *Wallace*, the plaintiff was a resident of South Carolina, and the defendant was a corporation with a PPB in California. The plaintiff sustained injuries while riding defendant's defective motorcycle—which was originally sold in Kansas—in Florida. *Id.* Ultimately, the court found that the plaintiff was injured outside of the forum state and none of defendant's business activities in the forum state related to or caused the plaintiff's injury. *Id.* Accordingly, the court held that specific jurisdiction did not exist. *See Hardnett v. Duquesne Univ.*, 897 F. Supp. 920, 923 (D. Md. 1995); *see also cf. Gatekeeper Inc. v. Stratech Systems, Ltd.*, 718 F. Supp. 2d 664 (E.D. Va. 2010) (facts failed to establish personal jurisdiction where plaintiff did not allege in-state conduct related to elements of the cause of action).

Similarly, in this case, the Court finds that even when viewing the facts in the light most favorable to the Plaintiff, the Court does not have specific jurisdiction over the instant dispute because Plaintiff's injury did not occur in Maryland, and she purchased the defective Product that caused her injuries in Nevada.

Plaintiff's reliance on *Ford Motor Co. v. Montana Eight Judicial District Court*, 141 S. Ct. 1017 (2021), does not change the Court's view. The Plaintiff argues that because Defendant sells the Product throughout its stores in Maryland and derives substantial revenue from goods and services in Maryland, it "systematically served the market," and the Defendant's contacts with the forum state "relate" to Plaintiff's injury as defined by the Supreme Court in *Ford*. (Opposition, pp. 8-9). In *Ford*, in which multiple cases were joined, the plaintiffs were injured by vehicles

manufactured by defendant. *Ford*, 141 S. Ct. at 1022. The vehicles were produced in states other than the forum states. *Id*. The Supreme Court found that the forum states could still exercise specific jurisdiction because the respective injuries occurred in-state and the defendant had connections with the forum state that related to the injuries. Specifically, the Supreme Court held the defendant "had systematically served [the] market" with products similar to the one that caused the tortious injury by way of advertisements and sales. *Id*. at 1032.

The Court does not find persuasive Plaintiff's analysis of *Ford*. The Court agrees with Plaintiff that a defendant's in-state activity need not cause an injury so long as it "relates" to the injury. However, in accordance with *Ford*, the Court finds that the injury must take place in the forum state. *Ford*, 141 S. Ct. at 1026. Put another way, the Court does not find that specific jurisdiction exists in a particular forum state simply because a party provides products and services within that state. Here, then, *Ford* does not support the Plaintiff's position because, in this case, unlike in *Ford*, the injury **did not** occur in the forum state. In fact, in the Complaint, Plaintiff alleges that the Product, which she purchased in Nevada, six years before she was injured, exploded "outside of Maryland." (Complaint, ¶ 4).

In sum, the Court finds that it lacks specific jurisdiction because the Plaintiff's injuries did not arise out of or relate to Defendant's in-state activities. *ALS Scan*, 293 F.3d at 712-15; *see also Small Bus. Fin. Sols., LLC v. Corp. Client Servs., LLC*, Civ. No. GLS-21-811, 2023 WL 1995414, at *15 (D. Md. Feb. 13, 2023)*; Wallace*, 2022 WL 61430, at *4 (holding the plaintiff failed to meet the standard set forth in *Ford* because the plaintiff's injury took place outside of the forum state). Accordingly, the Motion will also be granted on the issue of specific jurisdiction.

## IV.     Conclusion

Because the Court dismisses Counts I, II, and III pursuant to rule 12(b)(2) for lack of personal jurisdiction, the Court need not address the Defendant's 12(b)(6) arguments. *See Richardson v. Mayor & City Council of Balt.*, Civ. No. RDB–13–1924, 2014 WL 60211, at *4 (D Md. Jan. 7, 2014) ("[B]ecause this Court lacks jurisdiction, it need not address the other arguments raised").

For the foregoing reasons the Defendant's Motion is **GRANTED.** Counts I, II, and III are **DISMISSED.**

The Clerk of the Court is directed to **CLOSE** the case.

Dated:  July 18, 2023                                                /s/
                                                                                The Honorable Gina L. Simms
                                                                                United States Magistrate Judge